**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 04:19 PM November 20, 2012**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| STEPHEN A. SAUNIER AND | ) | CASE NO. 11-60997 |
| LISA M. SAUNIER, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT** |
| | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |

On October 10, 2012, the chapter 7 trustee, Lisa M. Barbacci ("Trustee"), filed a motion titled "Motion for Order Authorizing Trustee to Act as Sole Member of Psalms Properties LLC to Sell Real Property." In spite of the absence of objections, the court cannot grant the motion.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and General Order 2012-7 dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtors filed a joint chapter 7 case on March 30, 2011. Schedule B of the petition shows that debtors equally share ownership of PSALMS Properties, LLC ("Psalms"), a rental property business. Debtors valued Psalms at $51,030.00.

Trustee's motion states that Psalms owns real estate at 6203 Riverview Drive, Malvern, Ohio.   The property is asserted to be owned free and clear, save real estate taxes and utilities. Trustee wants to sell the property.   She has a purchase offer of $10,500.00 from non-debtor third parties.   Trustee's motion to sell is not opposed.

## DISCUSSION

The problem for Trustee is that the real estate she wants to sell is not property of the bankruptcy estate, but is property of the non-debtor company, Psalms.   *See, e.g.,* In re Liber, 2012 WL 1835164 (Bankr. N.D. Ohio 2012); In re Hopkins, 2012 WL 423916 (Bankr. W.D. Mich. 2012).   Under Ohio law, "[r]eal and personal property owned or purchased by a limited liability company [is] held and owned in the name of the company."   O.R.C. § 1705.34.   The real estate is therefore not under the jurisdiction of the bankruptcy court.

What became part of the bankruptcy estate is Debtors' interest in Psalms.   Liber, 2012 WL 1835164; Hopkins, 2012 WL 423916.   This  "membership interest" is defined as "a member's share of the profits and losses of a limited liability company and the right to receive distributions from that company."   O.R.C. § 1705.01(H).   Under this definition, Trustee does not gain an interest in individual items of property, but succeeds to something that is more aptly described by looking at the net value of the company, proportioned among all members.

Permitting Trustee direct access to the assets of Psalms could potentially harm the creditors of Psalms by diverting assets away from them to Debtors' bankruptcy estate.   By adhering to the corporate form, assets of the company are retained for the benefit of creditors of the company, not for the benefit of its members, who are not liable for the debts of the company.   O.R.C. § 1705.48. This distribution hierarchy is also followed upon dissolution of a limited liability company. O.R.C. § 1705.46.   Under this principle, membership interests in the company only have value to the extent assets exceed the liabilities.   *See also* Hopkins, 2012 WL 423916.

Trustee asserts that since Debtors owned Psalms in its entirety, and she succeeds to their interest when they filed bankruptcy, she has the authority to operate Psalms and to sell the real estate.   It is true that "the management of a limited liability company [is] vested in its members in proportion to their contributions to the capital of the company . . ."   O.R.C. § 1705.24.   Although Trustee may have the legal authority to do what she purposes, the court does not have the authority to sanction it.   She either has the power or she does not.   There is nothing the court can do to add or detract from the rights governed by Ohio law and any operating agreement that exists.   The Hopkins court recognized its limited powers when it "acknowledged," but did not "order," the trustee's request to sell property under a similar fact pattern.   Hopkins, 2012 WL 423916 at *1.

The court is mindful that Trustee may want some type of court "cover" for this sale.   The court cannot find that this is the appropriate vehicle.   Trustee should look at other options, which may include some sort of notice, which does not require court approval.   This would have no binding legal effect but would provide notice to those served.   Other alternatives may also exist, including dissolution of the limited liability company.   The court cannot authorize a sale of property that is not property of the bankruptcy estate, nor the operation of Debtors' membership interests.

Trustee's motion will be denied by separate order to be entered immediately.

#   #   #

**Service List:**

Lisa M. Barbacci
600 East Smith Road
PO Box 1299
Medina, OH 44258-1299

Thomas W Lally
T. K. Harris Building
3930 Fulton Drive NW, Suite 101
Canton, OH 44718